188 So. 78

## McINTOSH v. STATE.

### 4 Div. 500.

Court of Appeals of Alabama.
April 11, 1939.

Yarbrough & Beck, of Enterprise, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the appellant with the offense of operating an automobile upon a public highway in Coffee County, Alabama, during the period from half an hour after sunset to half an hour before sunrise, without a red light on the rear of said automobile plainly visible under normal atmospheric conditions for a distance of five hundred feet to the rear of such vehicle, etc.

The indictment was drawn as for a non-compliance of Section 91, Subd. (d) of Alabama Motor Vehicle Laws (Rules of the Road), Gen.Acts 1927, p. 383. Said sub-division (d) reads as follows:

"(d) *Rear lamps.*

"Every motor vehicle and every trailer or semi-trailer which is being drawn at the end of a train of vehicles shall carry at the rear a lamp of a type which has been approved by the commissioner and which exhibits a red light plainly visible under normal atmospheric conditions from a distance of five hundred feet to the rear of such vehicle and so constructed and placed that the number plate carried on the rear of such vehicle shall under like conditions be so illuminated by a white light as to be read from a distance of fifty feet to the rear of such vehicle."

The punishment for the violation of Section 91, supra, is provided and prescribed by Section 103, subdivisions (a) and (b) of said act, Gen.Acts 1927, p. 389, and under this section the fine of $1 was assessed by the jury.

Failing to pay said fine and costs, or to confess judgment therefor, the trial court sentenced the defendant to perform hard labor for the county as the Statutes provide.

Certain demurrers were interposed to the indictment, as appear of record. There is, however, nothing to show that the demurrers were brought to the attention of the court, nor does any ruling thereon, by the court, appear of record. We may not therefore consider the demurrer, except to say so far as may appear they were no answer to the indictment.

The appeal in this case is rested upon the record proper, there being no bill of exceptions. Upon examination we find the record regular and without apparent error. Therefore, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.